# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:05CV0472-H

| | |
|---|---|
| MURPHY AND CHAPMAN, P.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| METROPOLITAN LIFE INSURANCE ) | |
| COMPANY, THE LINCOLN LIFE ) | |
| INSURANCE COMPANY, and KAREN SUE ) | |
| PEACOCK, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the "Plaintiff's Motion to Remand" and "Memorandum in Support ..." (both document #4) filed November 28, 2005; and Defendants "MetLife and Lincoln's Memorandum Opposing ... Remand" (document #9) filed December 15, 2005. The Plaintiff has not filed a reply and the time for filing a reply brief has expired.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>grant</u> the Plaintiff's Motion to Remand, as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff, Murphy and Chapman, P.A., is a law firm operating as a professional association under the laws of North Carolina and located in Charlotte, North Carolina. The Defendants Metropolitan Life Insurance Company ("MetLife") and the Lincoln Life Insurance Company ("Lincoln") are, respectively, New York and Indiana insurance companies. The Defendant Karen Sue Peacock, a North Carolina resident, was formerly employed by the Plaintiff as its bookkeeper.

The Plaintiff alleges that while she was so employed, Defendant Peacock submitted a fraudulent application for an individual disability insurance policy to Defendants MetLife and Lincoln, that is, she prepared the application as if it was submitted by the Plaintiff on her behalf and forged the signature of one of the Plaintiff's partners. Defendant Peacock also allegedly forged signatures on checks from the Plaintiff's bank account which she used to pay premiums on the policy.

On September 26, 2005, the Plaintiff filed a Complaint in the Superior Court of Mecklenburg County, North Carolina against MetLife and Lincoln, seeking to rescind the insurance contract under state law and to recover the premiums fraudulently paid by Defendant Peacock.

On October 28, 2005, the Plaintiff filed an Amended Complaint in the state court action, naming Ms. Peacock as a Defendant and stating a state law claim for embezzlement by an employee.

On November 10, 2005, and prior to being served with the Amended Complaint, the Defendants removed the state court action to federal court, alleging diversity subject matter jurisdiction.

On November 28, 2005, the Plaintiff filed its Motion to Remand, contending that following the addition of Defendant Peacock, the citizenship of the parties was no longer completely diverse.

The Plaintiff's motion has been briefed as set forth above and is, therefore, ripe for determination.

## II. DISCUSSION

At the outset, the undersigned notes that the Plaintiff's Motion to Remand is timely. See 28 U.S.C. § 1447(c) (motion to remand must be filed within 30 days of filing of notice of removal and

the court shall order remand if removal was improper).

28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The existence of subject matter jurisdiction is a threshold issue, and absent a proper basis for subject matter jurisdiction, a removed case must be remanded to state court. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998). Accord Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); and Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Moreover, it is well established that "[t]he subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000), citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Accord Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 186 (4th Cir. 2002) ("In general, an action filed in state court may be removed to federal court only if it might have been brought in federal court originally"). There is no dispute that the Plaintiff's claims arise entirely under state law and, therefore, that the basis for federal subject matter jurisdiction, if any, must arise under what is commonly called diversity jurisdiction.

A case falls within a federal district court's diversity jurisdiction only if diversity of citizenship among the parties is complete – that is, only if no plaintiff and defendant are citizens of the same State – and the amount in controversy exceeds $75,000. See, e.g., 28 U.S.C. § 1332 (2000); Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 388 (1998); Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990); and Strawbridge v. Curtiss, 3 Cranch 267 (1806). As the

Defendants concede in their brief, diversity must have existed both at the time the action was originally commenced in state court and at the time of filing of the notice of removal. Accord Rowland v. Patterson, 882 F.2d. 97, 99 (4th Cir. 1999).

These requirements are so absolute that "[n]o party need assert [a lack of complete diversity or the requisite amount in controversy]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Schacht, 524 U.S. at 389 (internal citations omitted). Accord Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

The party seeking federal jurisdiction has the burden generally of proving that subject matter jurisdiction exists. See Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); and Norfolk Southern Ry. Co. v. Energy Development Corp., 312 F.Supp.2d 833, 835 (S.D.W.Va. 2004).

Concerning the issue presented herein, the Supreme Court has expressly held that the addition of a nondiverse defendant through the filing of an amended complaint defeats complete diversity. Owen Equipment & Erection Company v. Kroger, 437 U.S. 365, 377 (1978) (although citizenship of parties was diverse at time complaint filed in federal court, diversity jurisdiction no longer existed once nondiverse defendant added). Accord Mayes v. Rapoport, 198 F.3d 457, 466 (4th Cir. 1999) (reversing district court's denial of motion to remand where diversity was lost when plaintiff added nondiverse defendant by amended complaint after removal from state court).[1]

---

[1] Although recognizing that unpublished decisions have no precedential value, the undersigned notes that in a recent opinion, the Fourth Circuit similarly held that "a fair reading of the Owens decision" mandated that diversity is destroyed when a nondiverse defendant is added. Martinez v. Duke Energy Corp., 130 Fed.Appx. 629, 2005 WL 1009648, at 4 (4th Cir. 2005).

4

The Supreme Court concluded that "[t]o allow the requirement of complete diversity to be circumvented as it was in [Owens] would simply flout the congressional command [that citizenship of the parties be completely diverse]." Id. 437 U.S. at 377.

Applying these legal principles to the facts in this case, diversity jurisdiction does not exist and this matter must be remanded to state court. Indeed, the Defendants have not cited, and the undersigned is unaware of, any authority considering, much less holding that the fact that they were unaware of the Amended Complaint at the time they filed the Notice of Removal somehow operates to salvage federal subject matter jurisdiction.

To the contrary, the Plaintiff and Defendant Peacock are both citizens of North Carolina, and the fact that the nondiverse Defendant was added sometime after the initial Complaint was filed in state court provides no basis for ignoring the lack of complete diversity. Accord Owen, 437 U.S. at 377; and Mayes, 198 F.3d at 466 (reversing district court's denial of motion to remand where diversity was lost when plaintiff added nondiverse defendant by amended complaint after removal from state court). This conclusion is even more evident in this case where diversity was lost when the Plaintiff filed the Amended Complaint, something that the Defendants concede the Plaintiff was entitled to do, prior to the filing of the Notice of Removal.[2]  Accord Rowland, 882 F.2d. at 99 (diversity must have existed both at the time the action was originally commenced in state court and at the time of filing of the notice of removal).

In short, the citizenship of the parties is not completely diverse, there is no basis for

---

[2] The Defendants do not contend, and there is no indication in the record, that the Plaintiff's decision to amend its Complaint amounted to fraudulent joinder designed to prevent removal to federal court. See, e.g., " Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) ("to show fraudulent joinder, the removing party must demonstrate either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court").

exercising subject matter jurisdiction, and, accordingly, the Plaintiff's Motion to Remand will be granted.

### III. <u>ORDER</u>

**NOW, THEREFORE, IT IS ORDERED:**

1. The "Plaintiff's Motion to Remand" (document #4) is **GRANTED**, and the instant action is **REMANDED** to the Superior Court of Mecklenburg County.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED, ADJUDGED AND DECREED**.

Signed: January 25, 2006

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge